IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY F. HIGNITE,

      Plaintiff,                      No. CIV S-07-0732 DAD P

      vs.

T. FELKER, et al.,

      Defendants.               ORDER

_____/

      On July 13, 2010, the court granted motions for summary judgment filed on behalf of defendants Lewis and Felker and this action was dismissed. Judgment was entered and the case closed that same day. Specifically, the court determined that plaintiff had failed to present any that defendants Lewis and Felker were personally involved in the alleged violation of plaintiff's Eighth Amendment rights when he was placed on contraband surveillance watch. Before the court now is a document filed by plaintiff on July 26, 2010, styled as a "Motion to Alter or Amend the Judgement of Summary Judgement." (Doc. No. 69.)

      In that motion plaintiff relies upon Rule 59 of the Federal Rules of Civil Procedure in seeking leave "to amend this case and so correctly name the Defendants." (Mot. at 2.) Plaintiff argues that under Rule 15 of the Federal Rules of Civil Procedure, he is entitled to amend his pleading once as a matter of course. Plaintiff also states his disagreement with the

1

court's finding that he failed to present evidence that the defendants were involved in plaintiff's placement on contraband watch and the surveillance conducted of him during that watch. Plaintiff contends that the court should have liberally construe his pleadings because he is a pro se litigant and that when he named Lewis and Felker as defendants, he did so "to the best of his knowledge." (Id. at 2.) Plaintiff states that were granted leave to file an amended complaint, he would again name Lewis and Felker as defendants along with other "correct defendants[.]" (Id. at 3& 7.)

A district court may reconsider its order granting a summary judgment under Rule 59(e) of the Federal Rules of Civil Procedure. School Dist. No. 1J Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (citations and internal quotation marks omitted). See also S.E.C. v. Platforms Wireless Intern. Corp., ___F.3d___, ___, 2010 WL 3218524, at *20 (9th Cir. Aug. 16, 2010). Although a district court has considerable discretion in considering a Rule 59(e) motion, relief is generally reserved for "highly unusual circumstances." School Dist., 5 F.3d at 1263. See also Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.") (quoting 12 Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

Here, plaintiff has failed to present any valid ground for altering or amending the court's order granting summary judgment. Moreover, plaintiff has misconstrued the application of Fed. R. Civ. Proc. 15. It is correct, of course, that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). In this case, Rule 15 is inapplicable because defendants filed their responsive pleading in

2008. See Answers filed August 29, 2008 and October 9, 2008. In addition, the mere fact that plaintiff is proceeding pro se is not a "highly unusual circumstances" justifying the granting of relief under Fed. R. Civ. P. 59(e). Nor does plaintiff's mistaken conviction that he in fact named the proper defendants, justify the granting of such relief. None of plaintiff's arguments satisfy the requirements for the granting of the extraordinary relief available under Rule 59(e).

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 26, 2010 motion to alter or amend the order granting defendants' motion for summary judgment (Doc. No. 69) is denied.

DATED: October 8, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hig0732.59